**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**


WILLIE E. HENRY/MUHAMMED
ADC #82671                                                                              PETITIONER


VS.                                            5:05CV00055 JMM/JTR


LARRY NORRIS, Director,
Arkansas Department of Correction                                      RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge

James M. Moody.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the
        United States District Judge was not offered at the hearing before the
        Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other
        evidence (including copies of any documents) desired to be
        introduced at the requested hearing before the United States District
        Judge.

From this submission, the United States District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## I. Introduction

Pending before the Court is Respondent's Motion to Dismiss (docket entry #14) the Petition

for a Writ of Habeas Corpus filed by Willie E. Henry/Muhammed pursuant to 28 U.S.C. § 2254.

(Docket entry #1.)   Respondent argues that the Petition should be dismissed, without prejudice,

because Petitioner has not exhausted his state-court remedies.   Before reaching the merits of

Respondent's Motion, the Court will briefly explain the relevant procedural history of this case.

On March 2, 1995, Petitioner entered a guilty plea in Phillips County Circuit Court to theft

of property and received a suspended five-year sentence.   (Docket entry #14, Ex. A.)    On

December 6, 1996, the State moved to revoke Petitioner's suspended sentence, and, on March 18,

1997, following a revocation hearing, Petitioner received a ten-year sentence in the Arkansas

Department of Correction.  (Docket entry #14, Ex. D.)  After Petitioner lodged an appeal of the

judgment revoking his suspended sentence, his appointed counsel moved to withdraw, based upon a "no-merit" appeal brief pursuant to *Anders v California*, 386 U.S. 738 (1967).  On December 9, 1998, the Arkansas Supreme Court affirmed, holding that Petitioner's appeal was without merit. *Phillips v. State*, 1998 WL 865029 (Ark. Ct. App. 1998) (unpublished decision).

Petitioner filed this federal habeas action on February 22, 2005.  (Docket entry #1.)  In his habeas papers, Petitioner argues that: (1) his suspended sentence was revoked in violation of his constitutional rights under the Fifth and Sixth Amendments; (2) there was insufficient evidence to support the revocation; (3) the sentence he received upon the suspension of his revocation was a violation of the Double Jeopardy clause; (4) his due process rights were violated; and (5) his counsel at trial and on appeal were constitutionally ineffective.  (Docket entries#1, #6, and #8.)

For the reasons stated below, the Court recommends that Respondent's Motion to Dismiss, due to Petitioner's failure to exhaust state court remedies, be granted.

## II.  Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  Additionally, the AEDPA further provides that a prisoner has not fully exhausted his state remedies "if he has the right under the law of the State to raise, by *any available procedure*, the question presented."  28 U.S.C. § 2254(c) (emphasis added). However, the exhaustion requirement does not require that a petitioner pursue repetitious or futile applications for relief in state court.  *See Powell v. Wyrick*, 621 F.2d 921, 923 (8th Cir. 1980) (federal court should defer action only "if there is some reasonable probability that

the relief which the petitioner seeks will actually be available to him").

Respondent points out that Petitioner still has three pending postconviction motions in the Phillips County Circuit Court: (1) a motion for Rule 37 relief alleging ineffective assistance of counsel, filed on December 15, 1997; (2) a motion for state habeas relief, filed on October 28, 1997; and (3) a petition to correct an illegal sentence, filed on November 11, 1997.  (Docket entry #14, Ex. E.)  Additionally, the Phillips County Circuit Clerk's office has confirmed that the motions remain pending.[1]  (Docket entry #14, Ex. F.)  Thus, Petitioner appears to still have a Rule 37 ineffective assistance claim pending in state court.

Importantly, under Arkansas law, a claim for Rule 37 relief is *not* deemed denied by the passing of time or the failure to act upon it.  *See Morgan v. State*, 360 Ark. 264, 266, 200 S.W.3d 890, 891 (Ark. 2005).  Because the Rule 37 Petition is still pending in the Phillips County Circuit Court, Petitioner cannot proceed with this habeas action until he obtains a final ruling from the state court.[2]  If he is unable to do so, Petitioner should file a Petition for a Writ of Mandamus with the Arkansas Supreme Court, along with a certified copy of the record.  *See, e.g. Ladwig v. Davis*, 10 S.W.3d 461 (Ark. 2000) (issuing a writ of mandamus compelling the trial court to rule on a Rule 37

---

[1] The Phillips County Circuit Clerk orally confirmed to the Court that the Rule 37 motion remains pending, but that on March 22, 2005, Petitioner filed a fourth postconviction motion, a Petition for Reduction for Sentence, which was dismissed on November 9, 2005.

[2] Under the AEDPA, a district court has discretion to "stay and abey" a habeas petition while a petitioner returns to state court to exhaust his unexhausted claims.  In *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Court held that petitions should be stayed, rather than dismissed,  "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." In this case, Petitioner has not come forward with any explanation, much less good cause, to explain his failure to exhaust. Although ordered to do so, Petitioner did not provide any response to the Motion to Dismiss.  *See* docket entry #15.

4

petition that had been pending for three years).

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Motion to Dismiss (docket entry #14) be GRANTED, and that the Petition for Habeas Corpus under 28 U.S.C. § 2254 (docket entry #1) be DISMISSED, WITHOUT PREJUDICE.

Dated this 20th day of February, 2007.

_____
UNITED STATES MAGISTRATE JUDGE