IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WILLIE E. HENRY/MUHAMMED
ADC #82671                                                                                    PETITIONER

VS.                                    5:05CV0000055 JMM/JTR

LARRY NORRIS, DIRECTOR,
ARKANSAS DEPARTMENT OF CORRECTION                              RESPONDENT

# ORDER

Pending before the Court is respondent's Motion to Dismiss Petition for Writ of *Habeas Corpus* as Moot. Petitioner has failed to response to the pending motion. For the reasons stated below, the motion is granted (#42). Based upon the grant of the Motion to Dismiss, the February 20, 2007 Proposed Findings and Recommended Disposition (#37) submitted by United States Magistrate Judge J. Thomas Ray is also dismissed as moot.

On March 2, 1995, petitioner entered a guilty plea in Phillips County Circuit Court, Arkansas, to theft of property and received a suspended five-year sentence. On March 18, 1997, the State, following a revocation hearing, revoked petitioner's suspended sentence and sentenced him to ten (10) years in the Arkansas Department of Correction. Petitioner filed this federal *habeas* action on February 22, 2005, contending that the revocation of his suspended sentence violated his rights.

Respondent filed its Motion to Dismiss on March 27, 2007, contending that petitioner's sentenced had been completed and that he had been fully discharged from the Arkansas Department of Correction. In support of the motion, respondent provided the Court with a copy

1

of petitioner's "External Movements" document which reflects that petitioner was discharged on October 24, 2006. Moreover, in response to the Magistrate Judge's Proposed Findings and Recommended Disposition, petitioner stated that he had been released from prison on October 24, 2006.

Petitioner's *habeas* petition is moot unless his release is subject to some restriction. *See Gentry v. Lansdown,* 175 F.3d 1082 (8th Cir. 1999) (petition challenging state's calculation of good time credit was not rendered moot by petitioner's release on parole, as petitioner remained subject to parole restrictions and in the legal custody of state corrections department until expiration of his sentence); *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998) (an appeal from an order revoking parole is moot if the sentence is completed before the appeal is decided).

There are no allegations or evidence that petitioner's discharge is limited or restricted in any manner. Therefore, the petition is dismissed as moot as this Court can no longer grant effective relief. *See Ali v. Cangemi*, 419 F. 3d 722 (8th Cir. 2005) (Article III of the United States constitution limits the jurisdiction of the federal courts to actual ongoing cases and controversies).

Judgment will be entered accordingly.

Dated this __10__ day of April, 2007.

_____
UNITED STATES DISTRICT JUDGE